IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| GARY LEE ENZLER,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA,<br><br>Defendant. | CV 16-00124-GF-BMM-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This matter comes before the Court on Plaintiff Gary Enzler's proposed Complaint filed under 42 U.S.C. § 1983 (Doc. 1), Motion for Leave to Proceed in Forma Pauperis (Doc. 3), proposed Amended Complaint (Doc. 4), and Motion for True Investigation (Doc. 5).

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Enzler filed a Motion to Proceed in Forma Pauperis sufficient to make the showing required by 28 U.S.C. §1915(a). (Doc. 3.) The request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a). Under 28 U.S.C. § 1915(b)(1), Mr. Enzler must pay the statutory $350.00 filing fee. Mr. Enzler submitted an account statement indicating he has insufficient funds to pay an initial partial filing fee. This fee will be waived but Mr. Enzler must make monthly payments of 20% of the preceding month's income credited to his prison trust

1

account. The percentage is set by Congress and cannot be altered. 28 U.S.C. § 1915(b)(2). A separate order will direct the agency having custody of Mr. Enzler to forward payments from his account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. STATEMENT OF CASE

### A. Parties

Mr. Enzler is a state prisoner proceeding without counsel. He names the State of Montana as the only Defendant.

### B. Allegations

It appears that Mr. Enzler seeks to challenge his criminal conviction. He alleges wrongful arrest and illegal incarceration. For his relief he asks that the Court allow him to withdraw his false guilty plea. (Doc. 4 at 5-6.)

## III. PRELIMINARY SCREENING OF THE COMPLAINT

### A. Standard

As Mr. Enzler is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is malicious if not pled in good faith. *Kinney v. Plymouth Rock Squab. Co.*, 236 U.S. 43, 46 (1915). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Cf.* Fed.R.Civ.P. 8(e) ("Pleadings must be construed so as to do justice.").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the

allegation of other facts." *Lopez*, 203 F.3d. at 1127 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

**B. Analysis**

According to his habeas petition filed in this Court, Mr. Enzler pleaded guilty to sexual assault and was sentenced to a prison term. He moved the trial court for leave to withdraw his guilty plea but that motion was denied and is currently on appeal to the Montana Supreme Court. *See In re Gary Lee Enzler*, Civil Action No. 16-100-H-DLC-JTJ (citing *State v. Enzler*, No. DA 15-0495 (Mont. filed Aug. 13, 2015)).

Because he is challenging his conviction, Mr. Enzler's claims are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the United States Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged. *Id.*

> [W]hen a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or

sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

*Heck*, 512 U.S. at 487.

A determination in this Court regarding whether any of Mr. Enzler's rights were violated during his criminal proceedings would necessarily imply the invalidity of that conviction. As Mr. Enzler's conviction has not been reversed, declared invalid, expunged, or called into question, his claims are barred by *Heck*.

Accordingly, the Court issues the following:

**ORDER**

1. Mr. Enzler's Motion for Leave to Proceed in forma pauperis (Doc. 3) is GRANTED. The Clerk of Court shall waive prepayment of the filing fee.

2. The Clerk shall edit the text of the docket entry for the Complaint (Doc. 1) to remove the word "LODGED" and the Complaint is deemed filed on December 13, 2016.

3. Mr. Enzler's Motion for True Investigation (Doc. 5) is DENIED in light of the recommendation to dismiss this case.

4. At all times during the pendency of this action, Mr. Enzler must

immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further the Court issues the following:

## RECOMMENDATIONS

1. This matter should be DISMISSED.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Enzler may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 10th day of January 2017.

       */s/ John Johnston*
John Johnston
United States Magistrate Judge