# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| GARY LEE ENZLER,<br><br>       Plaintiff,<br>vs.<br><br>STATE OF MONTANA,<br><br>       Defendant. | **CV 16-00124-GF-BMM-JTJ**<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS** |

Plaintiff, Mr. Enzler, filed a proposed Complaint under 42 U.S.C. § 1983 (Doc. 1), a Motion for Leave to Proceed in Forma Pauperis (Doc. 3), a proposed Amended Complaint (Doc. 4), and a Motion for True Investigation (Doc. 5). United States Magistrate Judge John Johnston issued and Order and Findings and Recommendations in this matter. (Doc. 7.) Judge Johnston ordered Mr. Enzler's Motion for Leave to Proceed in forma pauperis granted and ordered his Motion for True Investigation DENIED. Judge Johnston recommended that the Court dismiss Mr. Enzler's case because Mr. Enzler's motion to withdraw his guilty plea in the underlying conviction is currently on appeal to the Montana Supreme Court. Plaintiff Enzler filed an objection. (Doc. 9.) The Court reviews de novo findings and recommendations to which objections are made. 28 U.S.C. § 636(b)(1)(C).

1

## I. BACKGROUND

Mr. Enzler previously pleaded guilty to sexual assault and was sentenced to a prison term. Mr. Enzler then moved the trial court for leave to withdraw his guilty plea, but the court denied that motion. The trial court's denial of that motion is currently on appeal to the Montana Supreme Court. *See In re Gary Lee Enzler*, Civil Action No. 16-100-H-DLC-JTJ (citing *State v. Enzler*, No. DA 15-0495 (Mont. filed Aug. 13, 2015)).

## II. DISCUSSION

### A. Standard

Mr. Enzler's Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A, because he is a prisoner proceeding in forma pauperis. The Court is required to dismiss Mr. Enzler's Complaint under these provisions if it is frivolous or malicious, fails state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Judge Johnston has correctly and thoroughly explained these standards in his Order and Findings and Recommendations. (Doc. 7 at 3.)

### B. *Heck v. Humphrey*

The U.S. Supreme Court's ruling in *Heck v.* Humphrey, 512 U.S. 477, 486-87 (1994), bars Mr. Enzler's § 1983 claims. In *Heck*, the Court stated that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal" or otherwise declared invalid, called into question by the issuance of a habeas corpus writ, or expunged. *Id.* The Court in *Heck* further elaborated that an underlying conviction must be reversed before adjudicating a § 1983 claim when the § 1983 judgment "would necessarily imply the invalidity" of the underlying conviction. *Heck*, 512 U.S. at 487.

The Court's determination as to whether any of Mr. Enzler's Constitutional rights were violated under § 1983 would necessarily imply the invalidity of his conviction. Mr. Enzler has failed to prove that his underlying conviction has in fact been invalidated. My Enzler's conviction is, to the contrary, still on appeal to the Montana Supreme Court.

### III. CONCLUSION AND ORDER

The Court cannot grant relief based on Mr. Enzler's § 1983 claims due to the current lack of resolution in his pending appeal. Mr. Enzler's Complaint must be dismissed.

Accordingly, **IT IS ORDERED:**

3

1. Magistrate Judge Johnston's Findings and Recommendations (Doc. 7) is **ADOPTED IN FULL**.

2. Mr. Enzler's Complaint (Doc. 1) and Amended Complaint (Doc. 4) are DISMISSED.

3. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

4. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision will not be taken in good faith. The record makes plain that the instant Complaint is frivolous, as it lacks arguable substance in law or fact.

DATED this 6th day of February, 2017.

Brian Morris
United States District Court Judge